# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Case No. 4:10cr57.6 |
| § | (Judge Schneider) |
| EDWARD D. JONES & CO., L.P. § | |
| Garnishee-Defendant § | |
| and § | |
| ELAINE POWERS § | |
| Judgment-Defendant § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Quash Writ of Garnishment, Claim for Exemptions, and Request for Hearing (Dkt. #1035).

### BACKGROUND

On March 9, 2011, the Court entered Judgment in a Criminal Case against Judgment-Defendant Elaine Powers in which she was ordered to make restitution to the victims of her criminal conduct in the amount of $6,486,821 (Dkt. #814). As of September 1, 2011, the outstanding balance owed by Judgment-Defendant on the victim restitution was $6,486,821.

On August 11, 2011, the United States moved the Court for a Writ of Continuing Garnishment against Garnishee-Defendant, Edward D. Jones & Co., L.P. (Dkt. #1028). The Writ has not been issued. Because the Writ has not yet been entered, neither the Garnishee-Defendant nor the Judgment-Defendant has been personally served with the Writ of Continuing Garnishment and other garnishment documents. Upon information and belief, Garnishee-Defendant is in possession of an Individual Retirement Account ("IRA") in the approximate amount of $47,486.48 as of March 25, 2011, belonging to Judgment-Defendant.

On August 31, 2011, Judgment-Defendant filed a Motion to Quash, Claim for Exemptions, and Request for Hearing regarding this garnishment proceeding (Dkt. #1035). On September 12, 2011, the United States filed a response (Dkt. #1041). On September 13, 2011, the motion was referred to the undersigned (Dkt. #1042).

Under the Mandatory Victim Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, the Court is required to order a defendant convicted of "an offense against property ... including any offense committed by fraud or deceit" to make restitution to any "identifiable victim or victims [who have] suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)-(c)(1)(B). Orders of restitution issued under § 3663A must conform to the requirements of 18 U.S.C. § 3664. 18 U.S.C. § 3663A(d).

The law serves the dual purposes of ensuring "that criminals pay full restitution to their victims for all damages caused as a result of the crime" and providing "those who suffer the consequences of crime with some means of recouping the personal and financial losses." H.R. REP. No. 104-16, at 5 (1995); *see also United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003); *United States v. Perry*, 360 F.3d 519 (6th Cir. 2004). In attempting to restore the full loss amount to each victim, the court is required to order restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see, e.g., United States v. Karam*, 201 F.3d 320, 330 (4th Cir. 2000); *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000).

Section 3664 provides that the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 (which is 18 U.S.C. §§ 3571-3574) and subchapter B of chapter 229 of Title 18 (which is 18 U.S.C. §§ 3611-3615), or by all other available and reasonable means. 18 U.S.C. § 3664(m)(1)(A) (i)-(ii). The operative enforcement provision is

18 U.S.C. § 3613, which provides "Civil remedies for satisfaction of an unpaid fine," but is fully "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). The Fifth Circuit found that the MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002).

"The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" *Id.* at 551 (quoting 18 U.S.C. § 3613(a)).

18 U.S.C. § 3613(a) provides as follows:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law ... a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined [or ordered to pay restitution], except that-
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(1)-(3).

Pursuant to 18 U.S.C. § 3613(c), once restitution is ordered, all of the defendant's property becomes subject to a lien in favor of the United States. In addition, for purposes of debt collection, such a lien is treated like a tax lien. 18 U.S.C. § 3613(c). Thus, "any property the IRS can reach to satisfy a tax lien, a sentencing court can also reach in a restitution order." *United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009); *see also United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir.

2007) ("Liens to pay restitution debts are treated like tax liens, so that they are 'effective against every interest in property accorded a taxpayer by state law.'").

Section 3613(c) broadly defines the property subject to attachment by the government indicating that "Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989); 18 U.S.C. § 3613(c).

The Government asserts that when the criminal judgment and victim restitution order was entered against Judgment-Defendant, the United States' lien immediately attached to all of her property, including the bank accounts and retirement accounts held by the Garnishee-Defendant. The Court agrees.

The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA. 28 U.S.C. §§ 3001-3308 ("FDCPA"); *Phillips*, 303 F.3d at 551. "The FDCPA provides the most effective means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states." *Id.* Section 3205 of the FDCPA sets forth the procedures utilized in garnishment proceedings. *United States v. Texas Life Ins. Co.*, No. 1:04-CR-60, 2011 WL 900099, at *1 (E.D. Tex. Mar. 14, 2011). Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment ... in order to satisfy the judgment against the debtor." 28 U.S.C. 3205(a). Sections 3202 and 3205 of the FDCPA provides instructions on how Defendant may challenge the order. 28 U.S.C. §§ 3202(b), 3202(d), and 3205(c)(5).

"[W]ithin 20 days after receiving the notice [of the writ]," the debtor may request a court hearing. 28 U.S.C. § 3202(d). Further, under Subsection 3202(d), the issues at a hearing seeking to quash an order granting an enforcement remedy are limited: (1) to the probable validity of any

4

claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to: (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment. 28 U.S.C. § 3202(d).

The United States argues that section 3205 of the FDCPA provides the necessary procedural steps to apply for a writ of garnishment. Although the FDCPA allows the clerk of court to issue the writ, the current practice in the Eastern District of Texas is for the clerk to not issue the writ until directed to do so by the Court. Because the Court has not yet issued the writ, Judgment-Defendant has no standing to complain about whether the United States followed the proper procedure. The Court agrees that this issue is not ripe. The Judgment-Defendant claims the Government has failed to comply with statutory requirements which mandate that the Government shall include the judgment debtor's last known address in its Application for Writ of Garnishment and in the form of the writ. However, the United States correctly argues that the Judgment-Defendant's whole address is included in both the Application and the Writ, but is redacted pursuant to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.

Judgment-Defendant also asserts that the retirement account in question is exempted from garnishment. The MVRA applies the exemptions set out in the Internal Revenue Code, 26 U.S.C. § 6334, which lists property "exempt from levy." The listed exempt property does not include retirement accounts, IRA's, or similar retirement funds.[1] The exemptions available in proceedings

---

[1] There are a few specific retirement plans included in the list of exemptions; for example, funds under the Railroad Retirement Act are exempt. 26 U.S.C. § 6334.

to collect criminal restitution judgments are limited to those set out in 26 U.S.C. § 6334, and retirement benefits are not exempt. *United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010). The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes. 18 U.S.C. § 3613(a). Section 3613(c) underscores the Congressional directive that restitution orders should be satisfied in the same manner as tax liabilities. 18 U.S.C. § 3613(c) (stating that an order of restitution imposed under this chapter "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986"). As we have already recognized, pension plan benefits are subject to levy under the Internal Revenue Code to collect unpaid taxes. *See Shanbaum v. United States*, 32 F.3d 180, 183 (5th Cir. 1994). Other courts have reached the same conclusion, holding the exemptions available in a federal court garnishment action seeking collection of restitution are limited to those in the Internal Revenue Code, and retirement benefits are not exempt. *See, e.g., United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007); *Phillips*, 303 F.3d at 550-51.

Judgment Defendant does not request any of the exemptions provided for in 26 U.S.C. § 6334(a)(1)-(8), (10), and (12). The Government asserts that the United States seeks only to garnish Judgment-Defendant's interest in the retirement account held by Garnishee-Defendant, and nothing more. The Government argues that the Garnishee-Defendant is not in possession of any of the listed exemptions contained in Section 6334A. The Government argues that no hearing is necessary because none of the exemptions apply.

Garnishee-Defendant does argue that an individual retirement account ("IRA") is earnings or wages in order to limit garnishment to twenty-five percent of the target assets established by

Section 1673 of the Consumer Credit Protection Act ("CCPA"). *See* 15 U.S.C. §1673. The CCPA limits the amount of wages subject to garnishment to the lesser of twenty-five percent of an individual's weekly disposable earnings or the amount by which the individual's weekly disposable earnings exceed thirty times the federal minimum hourly wage. 15 U.S.C. § 1673.

The United States argues that although Section 1673 of the CCPA is applicable to orders of restitution pursuant to 18 U.S.C. §§ 3613(a)(3) and (f), the CCPA is inapplicable here because Judgment-Defendant has the option to cash-out her retirement account at any time. The Court agrees. *See DeCay*, 620 F.3d at 545 n.11 (5th Cir. 2010); *United States v. Clayton*, 646 F. Supp.2d 827, 837 (E.D. La. 2009). Moreover, the Court, in another enforcement proceeding in this criminal case, has already determined that the United States' lien immediately attaches to bank accounts and retirement accounts held by a third party. *United States v. Bank of America*, No. 4:10cr57.21, 2011 WL 1483716, at *3-4 (E.D. Tex. March 28, 2011).

In her motion, Judgment-Defendant also advances a plea of mercy, asserting that the retirement account is her only asset and it will cause her economic hardship. Judgment-Defendant requests that the Court suspend the garnishment in the interests of justice and under 28 U.S.C. § 3013.[2] The United States argues that Judgment-Defendant has failed to set forth an adequate basis for modification in this case, and her request should be denied. The Court agrees. *See, e.g., United States v. Elashyi*, No. 3:02-CR-033-L, 2010 WL 375340, at*2 (N.D. Tex. Feb. 1, 2010).

---

[2] 28 U.S.C. § 3013 provides that "[t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."

7

Although these actions may cause a hardship, the Court has no basis in law to grant relief based upon the reasons stated by the Judgment-Defendant. Instead, the Court is limited to the exemptions granted by Congress. The Court finds that none of the assets sought to be garnished fall within the listed exemptions, and the Judgment-Defendant has not identified any exemptions that would apply. Furthermore, the underlying criminal acts that Judgment-Defendant committed resulted in millions of dollars in losses and resulted in personal gain in excess of $266,896. The Court must follow the mandate of Congress, and recommends that the Judgment-Defendant's motion to quash should be denied.

## RECOMMENDATION

The Court recommends that the Defendant's Motion to Quash Writ of Garnishment, Claim for Exemptions, and Request for Hearing (Dkt. #1035) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of December, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE